IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAI SHENG TANG, | : |
| Petitioner | : |
| | : CIVIL NO. 1:12-CV-1536 |
| v. | : Hon. John E. Jones III |
| JOSEPH SALLEMI, *et al.*, | : |
| Respondents | : |

## **MEMORANDUM**

August 14, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Kai Sheng Tang ("Petitioner" or "Tang"), a former detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who was confined at the York County Prison in York, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.)

In his Petition, Tang, who is a native and citizen of the People's Republic of China, stated that he was ordered removed from the United States on February 6, 2008 and that he had been in ICE custody continuously since February 7, 2012. He alleged that his continued detention by ICE violated his due process rights pursuant to

*Zadvydas v. Davis*, 533 U.S. 678 (2001), and he sought his immediate release from custody.  (*See id.*)

Upon initial screening of the Petition, it was discovered through a check of the Online Detainee Locator System that Petitioner no longer is in ICE custody.[1]  An inquiry with the York County Prison confirmed that Tang was released from custody on August 7, 2012.

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings.  Parties must continue to have a "personal stake in the outcome of the lawsuit."  *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Id.* at n.10

---

[1]*See* ICE Online Detainee Locator System, available at http://locator.ice.gov/

(citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Lane v. Williams,* 455 U.S. 624, 631 (1982).  In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. *Burke v. Gonzales*, 143 Fed. Appx. 474 (3d Cir. 2005); *Gopaul v. McElroy*, 115 Fed. Appx. 530 (3d Cir. 2004).  Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. *See Lindaastuty v. Attorney General*, 186 Fed. Appx. 294 (3d Cir. 2006).

In the instant case, because Tang no longer is in ICE custody, his request for release from ICE custody pending his removal from the United States is entirely moot, and thus, the dismissal of his Petition as moot is appropriate.  An Order consistent with this Memorandum will enter on today's date.